J. W. WATT, GUARDIAN, *v.* J. B. ALLGOOD, GUARDIAN.

1. GUARDIANSHIP. *Resident guardian. Non-resident guardian. Contest. Section* 2128, *Code* 1880, *applied.*

Under § 2128 of the Code of 1880, which provides that "when any lunatic resides out of this State, but has personal property in this State, and a guardian has been appointed for such lunatic in the State of his residence, such guardian shall be entitled to sue for, receive, and give a valid acquittance for such property," where a proper petition, with appropriate exhibits, has been filed by such non-resident guardian in the chancery court of the county where letters of guardianship have been granted in this State, the resident guardian may be compelled to make a final settlement of his guardianship, and deliver the personal property of the ward in his hands over to the non-resident guardian, if the court, in the exercise of a sound discretion, upon the facts established by the petitioner, should deem it proper to

close the guardianship in this State. This rule is not affected by the fact of the ward having been a resident of this State when the resident guardian was appointed.

2. Same. *Suit by non-resident guardian against resident guardian. Case in judgment.*

A. took out, in this State, letters of guardianship of the person and estate of N., a lunatic. He permitted the ward to wander into the State of Alabama, where, two years afterward, she was found by W., who took her to reside at his home in that State, she being the sister of his wife. A. made no effort to recover his ward, and did not see her for ten years after she left this State, nor did he make proper provision for having her taken care of, and her estate decreased while in his hands from three thousand two hundred dollars to two thousand four hundred dollars. After N. had resided with W. for about eight years, he obtained letters of guardianship of her person and estate in Alabama, and by petition, stating the facts just recited, he applied to the court which had granted letters of guardianship to A., in this State for a decree to compel A. to make a final settlement and turn over to the petitioner the ward's money in his hands. A. demurred to the petition, and his demurrer was sustained. *Held*, that upon the facts stated in the petition, and admitted by the demurrer, the petitioner is entitled to the relief prayed for; hence, the demurrer should have been overruled and the defendant required to answer.

3. Same. *Appointment of non-resident guardian. Effect on guardianship here.*

The appointment of a non-resident guardian, in a case such as is above stated, does not supersede the guardianship in this State, but its cessation or continuance is a matter for the determination of the proper court of this State, in the exercise of a sound discretion, where the question is regularly presented.

Appeal from the Chancery Court of Noxubee County.

Hon. F. A. Critz, Chancellor.

In March, 1873, J. B. Allgood was, by the Chancery Court of Noxubee County, appointed guardian of the person and estate of Elizabeth Neill, a lunatic, and as such guardian received the sum of three thousand two hundred and fifty-six dollars and thirty-eight cents. On the 16th of October, 1883, the matter of Allgood's guardianship still pending in that court, J. W. Watt filed a petition therein alleging substantially these facts: Allgood as guardian has managed to decrease his ward's estate from three thousand two hundred and fifty-six dollars and thirty-eight cents to two thousand four hundred and twenty-six dollars and twenty-five cents.

About ten years before the filing of the petition, he permitted his ward to leave the State of Mississippi, made no effort to ascertain her whereabouts, nor any attempt to recover her. The petitioner found her about two years thereafter, in the State of Alabama, and carried her to his house, where she has been ever since. Petitioner's wife is the sister and nearest relative of Elizabeth Neill, while Allgood is a stranger to her and in no way related to her. On the 12th of May, 1882, letters of guardianship were granted to the petitioner over the person and estate of Elizabeth Neill by the Probate Court of Sumter County, Alabama, and he gave bond in the sum of four thousand five hundred and thirty-two dollars and fifty cents to account for the money to be collected from Allgood in this State. A certified copy of the proceedings granting letters of guardianship to the petitioner and a certificate of the probate judge that he had given bond as required by law were filed with the petition in the Chancery Court of Noxubee County. Allgood has not seen his ward in the last passed ten years, and has neglected to provide for her. He failed to pay her board till a judgment therefor was recovered against him.

The petition charges that Allgood has been unfaithful to his trust, and the prayer is that he be required to make his final account and to deliver to the petitioner the money in his hands belonging to her.

Allgood demurred to the petition, on the grounds (1) that it shows no equity on its face, and (2) that the grant of letters of guardianship to Watt in Alabama was void in this State. The demurrer was sustained and the petitioner appealed to this court.

*Rives & Rives,* for the appellant.

Allgood is exercising the powers of guardian under the appointment of the court. He should be treated as an officer of the court and held responsible accordingly to it. 2d Story's Equity Juris., § 1338.

It is the duty of the chancery court to see that the guardian does not use his office to the prejudice of the lunatic; to see that he takes proper care of the person and estate of the lunatic. 2d Story's Equity Juris., p. 609; note.

Such charges as are made by the bill and admitted by the demurrer surely ought to have induced the chancery court to require the guardian to answer the bill, whether it was competent for the court to grant the specific relief prayed for or not.

Wherever such conduct on the part of the guardian of a lunatic comes to the knowledge of the court under whose appointment he is acting, no matter how the court becomes informed, it would seem to be the duty of the court to have the facts alleged investigated, and if found as alleged then to remove the guardian and to appoint some suitable person if in its judgment, the appointment in Alabama, was a nullity.

But the appointment of Watt as guardian of the lunatic in the State of Alabama was not a nullity.

The jurisdiction to protect persons under mental incapacity extends to all whose persons or property are within the local limits of the jurisdiction, whether domiciled there or not. Adams Equity, p. 289.

So an order was made, on the application by a curator of a lunatic resident in Holland, for the transfer to him of the *corpus* of funds in England to which the lunatic was entitled, though it did not appear that the lunatic was a Dutch subject. Ib., p. 293; note 1.

*Jarnagin & Bogle* and *L. Brame*, for the appellee.

1. The domicile of the lunatic being in this State, and letters of guardianship having been granted to Allgood in this State, and these letters standing unrevoked, Watt, claiming to be the guardian under a subsequent appointment by the courts of Alabama, cannot be recognized as guardian here, nor can Allgood be required to pay over the money to him. His appointment in Alabama is a nullity, that court being without jurisdiction. *Deupree* v. *Perry*, 18 Ala. 34; *Cook* v. *Wimberly*, 24 Ala. 486; *Carlisle* v. *Tuttle*, 30 Ala. 615; *Lary* v. *Craig*, 30 Ala. 631; *Thomas* v. *Burrus*, 23 Miss. 550; *Wells* v. *Andrews*, 60 Miss. 373.

2. The record shows no reason why Allgood should be removed. He has made annual accounts as guardian, and there is no reason why he should be removed. The fact that the ward is in Alabama

does not affect the matter. If a proper petition is filed, asking that Allgood be required to bring the ward into this State, or that he be required to provide for her support within this State, then he can explain the reason why she is not here. As to her board, the last annual account shows that he paid out one hundred and twenty-seven dollars and twenty-two cents for her board. The fact that he was sued for the board is no evidence that he refused to pay reasonable board. He may have thought that the charges were too much or were beyond the sum contracted for, and for that reason he suffered suit to be brought, the judgment being rendered for the correct amount; and the fact that the court allowed him a credit for the expenses of the suit is proof that the Chancellor thought that he was justifiable in defending the suit.

CAMPBELL, C. J., delivered the opinion of the court.

Section 2128 of the Code of 1880 entitles the guardian of a minor, idiot, or lunatic, who resides out of this State, and which guardian has been appointed in the State of the residence of the ward, to sue for or receive any personal property of his ward in this State, and being entitled to acquire possession of such property, it follows that he may remove it to the jurisdiction of the forum from which he derived his power to act. Therefore, on the facts stated in the petition of the appellant, who complied with our law as to the conditions required to authorize him to sue for the personal property of his ward in this State, the guardian in this State, the appellee, should have been required to answer, and if the petition is true, to make a final settlement of his guardianship, when the appellant may receive and remove the estate, consisting of money in the hands of the appellee. It is true that there may not be two guardians at the same time in the same jurisdiction, but the guardian in this State may be made to yield to the properly constituted guardian of the non-resident ward who has been appointed in the State of the ward's residence, and upon the facts admitted by the demurrer should be made to thus yield.

The appointment of a guardian in Alabama did not supersede the guardian here, and the courts of this State must exercise a sound

discretion in determining whether the guardianship here shall cease. It is not allowable that the guardianship here shall be made to yield to the removal of the ward to another State under any and all circumstances in which such removal may occur and a guardian be appointed there, but on the facts stated in this petition it will be the proper exercise of a sound discretion to close the guardianship in this State so that the money of the lunatic may be removed to Alabama, where her home is.

*Decree reversed, demurrer overruled, and cause remanded for the defendant to answer in thirty days after the mandate herein shall be filed in the office of the clerk of the court below.*